# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JONATHAN DANIEL SMITH,

        Plaintiff,

v.

ROBIN SOUVENIR,

        Defendants.

Case No. C19-5838 RBL-TLF

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

Plaintiff Jonathan Daniel Smith, proceeding pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action, names Darren Carlson and "Current Jail Administrator (at the time of incident)" as defendants in his complaint. Dkt. 6. The Court ordered plaintiff to show cause as to why these defendants should not be dismissed from the complaint. Dkt. 10. Plaintiff has responded to this order. Dkt. 13. The Court finds the response satisfactory and orders that plaintiff will be allowed to submit an amended complaint incorporating the alleged facts from plaintiff's response.

*Darren Carlson*

To state a claim under 42 U.S.C. § 1983, the defendant must be a person *acting under color of state law*, and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A private individual may only be liable under § 1983 *only* if he conspired or entered into joint action with a state

ORDER DIRECTING PLAINTIFF TO AMEND
COMPLAINT - 1

actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir.), *cert. denied*, 534 U.S. 1020 (2001). To prove conspiracy, however, a plaintiff must allege facts showing "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.1989) (quotations omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 1541.

Plaintiff's response included additional facts alleging Darren Carlson's assault on plaintiff was in furtherance of the state's aim to secure information pertaining to plaintiff's criminal defense. Dkt. 13, at 2-3. Plaintiff claims that another defendant named in this case, either Sergeant Patterson or Anthony Kimball, had known of Mr. Carlson's assault on another inmate in plaintiff's unit. *Id.* at 2. He asserts that they failed to protect plaintiff from violent assault by allowing Mr. Carlson to remain in the unit. *Id.*

Plaintiff also alleges that on the first day that Mr. Carlson was assigned to plaintiff's unit, Mr. Carlson engaged plaintiff in intrusive questioning about plaintiff's case and defense strategy, demonstrating knowledge about one of plaintiff's intended witnesses that plaintiff had kept private. *Id.* at 3. Plaintiff asserts that this knowledge could only have been made known to Mr. Carlson through collaboration with the state. *Id.* Plaintiff alleges that the assault itself followed another round of questioning, where plaintiff's refusal to directly answer Mr. Carlson's questions angered Mr. Carlson to the point of violence. *Id.* Plaintiff alleges that he requested "many times" to be reassigned to a different unit away from Mr. Carlson, suggesting that the refusal to separate the inmates was a tacit approval from the state of both the questioning and the assault. *Id.*

1   The Court finds these alleged facts, given a liberal reading because plaintiff is a
2   pro se litigant, to be sufficient for screening purposes, against Darren Carlson for joint
3   action or conspiracy with the state in this § 1983 action. The Court therefore orders that
4   plaintiff is allowed to file an amended complaint to include these facts, upon which the
5   Court may serve the complaint on Mr. Carlson.

*Current Jail Administrator*

Plaintiff bears the burden of providing accurate and sufficient information to effect service of the summons and complaint. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also* Fed. R. Civ. P. 4. Plaintiff named "Current Administrator of Pacific County Jail" as a defendant in this action. Dkt. 6, at 2. The Court advised plaintiff to provide defendant's name, which Plaintiff's response has provided as Pat Matlock. Dkt. 13, at 4. The Court finds this is sufficient information to serve the defendant and directs plaintiff to include the name in plaintiff's amended complaint.

Accordingly, it is **ORDERED** that Plaintiff is allowed to file an amended complaint **on or before February 4, 2020**, incorporating the facts and allegations submitted in plaintiff's response to the Order to Show Cause.

Dated this 22nd day of January, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

- 4