UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DANIEL SMITH,

                Plaintiff,

  v.

ROBIN SOUVENIR,

                Defendants.

Case No. C19-5838 RBL-TLF

ORDER DIRECTING AMENDMENT OF COMPLAINT

Plaintiff Jonathan Daniel Smith, proceeding pro se and *in forma pauperis*, has submitted a proposed amended complaint in his civil right action pursuant to 42 U.S.C. § 1983. Dkt. 16. The Court previously granted leave for plaintiff to submit an amended complaint incorporating additional alleged facts to support plaintiff's civil rights allegations against all defendants. Dkt. 15.

Yet plaintiff's proposed amended complaint does not include all of plaintiff's intended claims. Instead, it appears to request plaintiff's additional information to be incorporated by reference to the original complaint (Dkt. 6). This does not conform to the pleading standards required to state a cognizable claim for relief. An amended complaint must include all facts, allegations, defendants, and demands which plaintiff wishes to bring before this court. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The Court will therefore allow the plaintiff additional time to file an amended

ORDER DIRECTING AMENDMENT OF COMPLAINT - 1

1  complaint, but the Court rejects the currently proposed amended complaint because it
2  does not comply with the Federal Rules of Civil Procedure.

Plaintiff is directed to **file an amended complaint on or before March 3, 2020**, which shall include all of plaintiff's claims against all intended defendants (including Darren Carlson and Pat Matlock), all the facts connecting defendants' conduct to plaintiff's claim of cruel and unusual punishment, and any other relevant facts or allegations of violations of plaintiff's constitutional rights.

Plaintiff would need to include all the claims in plaintiff's original complaint (Dkt. 6), as well as the additional claims plaintiff submitted in his response (Dkt. 13). But the amended complaint may not be a complaint-within-a-complaint that is cobbled together by incorporating various complaints by reference.

The proposed amended complaint must be legibly rewritten in hand-written form, or retyped, in its entirety and contain the same case number. The proposed amended complaint must be self-contained. It may incorporate independent documents by reference, as long as those documents are not the previously-filed or previously-proposed complaints.

Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth*, 114 F.3d at 1474 (9th Cir. 1997).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware

that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.

Dated this 31st day of January, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge