UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jonathan Daniel Smith , <br><br>              Plaintiff, <br>    v. <br><br>Robin Souvenir, *et al.*, <br><br>              Defendants. | Case No. 3:19-cv-05838-RSL-TLF <br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND TO STRIKE |

This matter comes before the Court on Plaintiff's motions, filed in conjunction with his response to Defendants' motion for summary judgment, to compel production of video evidence (Dkt. 50) and to "dismiss" defendant Tony Kimball's declaration (Dkt. 51), which the Court construes as a motion to strike. Defendants have responded to both motions and filed a supporting declaration regarding the motion to compel. Dkts. 56, 57, 60.

**A.     Motion to Compel**

Plaintiff seeks to compel Defendants to produce video surveillance footage from the Jail for the period August 24, 2016 to September 11, 2016. Dkt. 50 at 1. Defendants oppose the motion, stating that Plaintiff has never served any request for production of these materials upon them and has failed to meet and confer in advance of filing his motion to compel as required by this Court's Local Rules. Dkt. 56 at 3–5; Dkt. 57 at 1. Defendants further state that, even if a request had been timely served upon them, they

have conducted a search for the requested materials and have been unable to locate them. Dkt. 56 at 5; Dkt. 57 at 2.

Plaintiff has failed to comply with required discovery procedures. He must first serve upon Defendants a request for production of the materials he seeks. Fed. R. Civ. P. 34. If a party fails to adequately respond to a discovery request, the requesting party may seek a court order compelling discovery. Fed. R. Civ. P. 37. However, Fed. R. Civ. P. 37 and LCR 37(a)(1) require the movant to first meet and confer with the party failing to make disclosure or discovery in an effort to resolve the dispute without court action. In addition, when filing a motion to compel, the movant must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. *See* LCR 37(a)(1).

Here, Defendants have shown that Plaintiff has not made a discovery request in the first place and has also failed to comply with the meet and confer requirement that is a prerequisite to bringing a motion to compel. Dkt. 57 at 1. Furthermore, Defendants have submitted evidence that the materials Plaintiff seeks do not exist. According to Defendants, Jail surveillance video is maintained only for two weeks. Dkt. 57 at 2. Plaintiff seeks video from a period more than four years ago. Dkt. 50 at 1.

Plaintiff's motion to compel the production of video surveillance information (Dkt. 50) is therefore DENIED.

1 | **B.    Motion to Strike**

2 | Plaintiff also seeks to strike the Declaration submitted by Defendant Tony Kimball in support of Defendant's motion for summary judgment. Dkt. 51. Plaintiff contends that Declaration (Dkt. 32) falsely states that Plaintiff possessed methamphetamine when he was arrested and misrepresents the specific crimes to which Plaintiff pled guilty. Dkt. 51 at 1. Plaintiff contends that, due to these inaccuracies, the Court should strike all of Kimball's Declaration and multiple previously filed documents mentioning the allegedly inaccurate information. Dkt. 51 at 2. Defendants respond that the issue of methamphetamine possession is irrelevant to this matter and argue that Plaintiff has failed to establish the Kimball Declaration is otherwise inadmissible. Dkt. 60.

Defendants are correct. Plaintiff's criminal charges, and whether or not he possessed methamphetamine at the time of his arrest, are not relevant to this matter or to Defendants' pending motion for summary judgment. The Court will therefore disregard any evidence of them. *Gaub v. Prof'l Hosp. Supply, Inc.*, 845 F. Supp. 2d 1118, 1128 (D. Idaho 2012) ("The Court cannot rely on irrelevant facts"). But the remainder of the Kimball Declaration was made on personal knowledge and sets forth facts that are admissible in this case, and the Court will not strike it. *See* Fed. R. Civ. P. 56(c)(4). Plaintiff's motion to dismiss Defendant Kimball's Declaration (Dkt. 51) is DENIED.

Dated this 1st day of March, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge