UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jonathan Daniel Smith ,<br><br>                    Plaintiff,<br>v.<br><br>Robin Souvenir, *et al*.,<br><br>                    Defendants. | Case No. 3:19-cv-05838-RSL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 23, 2021 |

This matter is before the Court on Plaintiff's failure to respond to the Court's Order to Show Cause why unserved Defendant Darren Carson should not be dismissed from this case. *See* Dkt. 64. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court dismiss Plaintiff's claims against Defendant Carson without prejudice.

BACKGROUND

Plaintiff initiated this matter on September 9, 2019. Dkt. 1. Plaintiff was ordered to amend his complaint and filed his second amended complaint on March 26, 2020. Dkt. 20. On May 11, 2020, the Court directed service of Plaintiff's second amended complaint. Dkt. 21. However, the second amended complaint does not contain an address at which Defendant Carlson could be served and Plaintiff has never supplied such an address. *See* Dkt. 20 at 4. On March 2, 2021, the Court issued an order to

show cause by April 2, 2021 why Plaintiff's claims against Defendant Carlson should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). Dkt. 64. Plaintiff has not responded.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiff has supplied no address at which Defendant Carlson can be served and more than 90 days have passed since the filing of the second amended complaint.

Plaintiff has the duty to move a case forward. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). Further, a court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4"). When an *in forma pauperis* plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

Plaintiff has not provided the Court with a service address for Defendant Carlson. Without a correct address, this Court cannot perfect service, and more than 90 days

REPORT AND RECOMMENDATION - 2

have passed since the second amended complaint was filed. Accordingly, the Court recommends that Plaintiff's claims against Defendant Carlson be dismissed without prejudice from this action pursuant to Fed. R. Civ. P. 4(m).

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss Plaintiff's claims against Defendant Carlson without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on April 23, 2021, as noted in the caption.

Dated this 6th day of April, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge