1

2

3

4          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
5                    AT TACOMA

6   Jonathan Daniel Smith,

7                      Plaintiff,              Case No. 3:19-cv-05838-RSL-TLF

8        v.                                    REPORT AND
                                               RECOMMENDATION
9   Robin Souvenir, *et al.*,
                                               Noted for September 24, 2021
                       Defendants.
10

11       This matter is before the Court on defendant Tony Kimball's motion for summary

12   judgment. Dkt. 71. This matter has been referred to the undersigned Magistrate Judge.

13   *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B);

14   Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends the

15   Court grant defendant's motion, dismiss plaintiff's remaining claim and dismiss plaintiff's

16   complaint.

17                       FACTUAL AND PROCEDURAL HISTORY

18       Plaintiff is currently an inmate at the Washington State Penitentiary, but his

19   claims arise out of his pretrial confinement at the Pacific County Jail (the "Jail"). Dkt. 20.

20   The Court has previously dismissed all of plaintiff's claims except his Fourteenth

21   Amendment claim against defendant Anthony Kimball for alleged failure to protect

22   plaintiff from an assault by a cellmate. Dkts. 62, 69. The Court previously declined

23   without prejudice to dismiss that claim for failure to exhaust administrative remedies,

24

25

REPORT AND RECOMMENDATION - 1

1    because defendants had not submitted evidence that a grievance process existed and

2    was available to plaintiff. Dkts. 62, 69.

3        Defendant Kimball now seeks summary judgment dismissing the remaining claim

4    for failure to exhaust administrative remedies and has submitted evidence. Dkts. 71, 72.

5    Defendant filed his motion, together with a supporting declaration and a *Rand* notice, on

6    May 24, 2021. Dkts. 71, 72, 73. The *Rand* notice warned plaintiff that he must respond

7    to defendant's motion and evidence:

8        **you must set out specific facts in declarations, depositions, answers
         to interrogatories, or authenticated documents, as provided in Rule**
9        **56(c), that contradict the facts shown in the County Defendant's**
         **declarations and documents and show that there is a genuine issue of**
10       **material fact for trial. If you do not submit your own evidence in**
         **opposition, summary judgment, if appropriate, may be entered against**
11       **you. If summary judgment is granted, your case will be dismissed and**
         **there will be no trial**.

12   Dkt. 73 at 2. Plaintiff has not filed a response.

13       Plaintiff's second amended complaint ("complaint") is signed under penalty of

14   perjury. Dkt. 20 at 18. Therefore, the complaint's allegations are considered as evidence

15   in opposition to summary judgment, to the extent that they are based on personal

16   knowledge and set forth facts that would be admissible in evidence. *Jones v. Blanas*,

17   393 F.3d 918, 923 (9th Cir. 2004). Plaintiff alleges that he repeatedly requested that he

18   be housed separately from inmate Darren Carlson (who plaintiff alleges later assaulted

19   him), but neither plaintiff nor Carlson was moved—even after Carlson assaulted a

20   different cellmate. Dkt. 20 at 14. Plaintiff's complaint does not allege that he filed any

21   grievances or engaged in any grievance process at the Jail.

22

23

24

25

Defendant submitted evidence that the Jail has a grievance process that was available to plaintiff. Dkt. 72 at 24.[1] The process provides for five levels of grievance and appeal. *Id*. First, a grievant must raise a grievance by talking with a corrections officer to pursue informal resolution. *Id*. If the grievant finds the response insufficient, he may submit a written grievance to the sergeant. *Id*. If the grievance is not satisfactorily resolved by the sergeant, a grievant may appeal to the Jail Administrator. *Id*. If not resolved at that level, the grievance may be appealed in writing to the Sheriff by sealing the written grievance and providing it to a corrections officer for the outgoing mail. *Id*. If a satisfactory resolution is not reached and the grievance involves damages, the grievant may then file a claim with the Pacific County Risk Manager. *Id*.

Defendant declares that all prisoners entering the Jail are provided a copy of the Pacific County Sheriff's Office Prisoner Information Manual ("Jail Handbook"), which describes the Jail's grievance process. Dkt. 72 at ¶ 4. In addition, the grievance procedures are posted throughout the Jail. *Id*. at ¶ 5. Inmates who wish to make complaints are told to review the Jail Handbook and to submit a grievance. *Id*. Defendant attests that there is no record that plaintiff ever filed a grievance, or pursued any appeals, regarding his assignment to a cell with inmate Carlson. *Id*. at ¶¶ 4, 6.

## DISCUSSION

A.    Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to

---

[1] Defendant submitted a copy of the grievance policy effective in 2019. Dkt. 72 at ¶ 4. However, defendant Kimball declares that the policy has not changed since the 2015 version that would have been applicable while plaintiff was confined at the Jail. *Id*. at

1   judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir.

2   1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564

3   (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence

4   produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*,

5   477 U.S. 242, 251 (1986). To determine whether summary judgment is appropriate, the

6   court must consider whether particular facts are material and whether there is a genuine

7   dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(a). When

8   presented with a motion for summary judgment, the court shall review the pleadings and

9   evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255

10  (citation omitted), and "a pro se complaint will be liberally construed . . .." *Pena v.*

11  *Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106

12  (1976)) (other citation omitted).

13          Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party

14  opposing the motion must do more than simply show that there is some metaphysical

15  doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

16  574, 586 (1986). The opposing party cannot rest solely on his pleadings but must

17  produce significant, probative evidence in the form of affidavits, and/or admissible

18  discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11;

19  *Anderson*, 477 U.S. at 249–50. In other words, the purpose of summary judgment "is

20  not to replace conclusory allegations of the complaint or answer with conclusory

21  allegations of an affidavit."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888

22  (1990). However, weighing of evidence and drawing legitimate inferences from facts are

23

24

25

jury functions, and not the function of the court. *See United Steel Workers of America v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

B.    <u>Failure to Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92–95 (2006). Plaintiffs must file an appeal and exhaust all administrative appeals; they must also do so in a timely manner. *Id.* at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendant bears the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, (9th Cir. 2014) (en banc). If that showing is made, the burden shifts to plaintiff, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172; *see also Ross v. Blake,* 578 U.S. 1174, 136

1  S.Ct. 1850, 1859–60 (2016) (describing examples of when administrative remedies

2  would be unavailable).

3          Defendant has submitted evidence establishing that the Jail had a grievance

4  process that was available to plaintiff, and that plaintiff failed to initiate a grievance or to

5  pursue any of the levels of appeal provided by that process. Dkt. 72 at 2–3 ¶¶ 4,6; Dkt.

6  72 at 24. Defendant has met his burden to establish plaintiff's failure to exhaust his

7  administrative remedies.

8          The burden shifts to Plaintiff, who must either prove that he exhausted his

9  available remedies or "show that there is something particular in his case that made the

10  existing and generally available remedies effectively unavailable to him by 'showing that

11  the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or

12  obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting

13  *Albino*, 747 F.3d at 1172). A remedy can be deemed unavailable if, for example, it

14  "operates as a simple dead end," it is "so opaque that it becomes . . . incapable of use,"

15  or if "prison administrators thwart inmates from taking advantage of it." *Ross,* 136 S. Ct.

16  at 1853–1854.

17          Plaintiff has not responded to defendant's motion. Plaintiff has neither submitted

18  evidence nor alleged in his complaint that he filed any grievance. Further, the complaint

19  makes no claim that that the Jail's grievance process was in any way unavailable to

20  plaintiff. Dkt. 20. Plaintiff made conclusory arguments in his responses to defendants'

21  original motion for summary judgment that he was not aware of the grievance process.

22  Dkt. 52 at 3; Dkt. 53 at 2. But these statements were not made under penalty of perjury

23  and are not evidence. *See S.A. Empresa De Viacao Aerea Rio Grandense v. Walter*

24

25

REPORT AND RECOMMENDATION - 6

1   *Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir.1982) ("a party cannot manufacture a

2   genuine issue of material fact merely by making assertions in its legal memoranda").

3   More importantly, plaintiff has submitted no evidence rebutting defendant's sworn

4   statement that plaintiff was provided with a copy of the Jail Handbook, which contained

5   a copy of the grievance process. Dkt. 72 at ¶ 4. Nor has plaintiff provided any evidence

6   that the process, as applied to him, was "ineffective, unobtainable, unduly prolonged,

7   inadequate, or obviously futile.'" *Williams*, 775 F.3d at 1191.

8        In short, the undisputed evidence demonstrates that plaintiff has failed to

9   properly exhaust his administrative remedies by submitting a grievance and timely

10  pursuing all available grievance appeals. *Woodford*, 548 U.S. at 92–95. The Court

11  therefore recommends that plaintiff's remaining claims against defendant Kimball be

12  dismissed without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003)

13  ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies,

14  the proper remedy is dismissal of the claim without prejudice."), *overruled on other*

15  *grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

16  C.    In Forma Pauperis Status on Appeal

17       The Court must also decide whether plaintiff's *in forma pauperis* status should

18  continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma*

19  *pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court

20  must determine whether appeal is frivolous or malicious, or whether it fails to state a

21  claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

22       Here, as noted above, plaintiff has failed to rebut defendant's evidence that he

23  did not exhaust his administrative remedies. Accordingly, the undersigned recommends

24  plaintiff's *in forma pauperis* status be revoked for purposes of any appeal.

25

REPORT AND RECOMMENDATION - 7

CONCLUSION

Based on the foregoing discussion, because plaintiff has failed to exhaust his administrative remedies, the undersigned recommends the Court grant defendant's motion for summary judgment and dismiss plaintiff's remaining claim against defendant Kimball without prejudice, and that this case be closed.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **September 24, 2021**, as noted in the caption.

Dated this 9th day of September, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8